# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SAMUEL JACKSON,

    Plaintiff,

v.                                          Case No. 09-11438

JUSTIN BROUGHTON, et al.,

    Defendants.

_____/

## ORDER DENYING DEFENDANT MOREY'S MOTION TO STRIKE

Pending before the court is Defendant Morey's "Motion to Strike Amended Complaint," filed on October 30, 2009. On April 16, 2009, Plaintiff Samuel Jackson filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, a state inmate currently incarcerated at the Newberry Correctional Facility, in Newberry, Michigan, is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). On October 20, 2009, the magistrate judge granted Plaintiff leave to file an amended complaint, and on October 22, 2009, Plaintiff filed an amended complaint. Defendant Morey now moves to strike paragraphs 10 through 17, and 34 through 88 of the amended complaint. Plaintiff filed a response to Defendant Morey's motion on November 12, 2009 and Defendant Morey replied on November 19, 2009. For the reasons stated below, the court will deny Defendant Morey's motion to strike.

### I.  BACKGROUND

Plaintiff's amended complaint alleges a 42 U.S.C. § 1983 action against three officers (Justin Broughton, Shaun Morey, and Blake Hiben), and the City of Flint Police

Department ("FPD").[1]  In his amended complaint, Plaintiff alleges that, on January 15, 2008, the officers illegally arrested him using excessive force.  Specifically, Plaintiff claims that the when he pulled his car into a driveway to look for a bank envelope inside his car, Broughton opened Plaintiff's driver's side door, pointed a gun at Plaintiff's face, and said "'I'm gonna beat your ass.'"  (Am. Compl. ¶ 20.)  Broughton and the other officers then "punched," "kicked," and struck Plaintiff with a flashlight even though Plaintiff did not resist arrest and did not try to flee.  Plaintiff also claims that the officers planted a gun in his car.  (Am. Compl. ¶¶ 19-28.)  After continued complaints about his injuries, Plaintiff was taken to Hurley Medical Center by ambulance, where he alleges he was not examined due to statements made by the arresting officers to the medical staff.  (*Id.* ¶ 30.)  Plaintiff further alleges numerous facts concerning an investigation by the Office of the Ombudsman into the officers' conduct.  (*Id.* at ¶¶ 45-88.)

## II.  STANDARD

Pursuant to Fed. R. Civ. P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  It is "well established that the action of striking a pleading should be sparingly used by the courts.  It is a drastic remedy to be resorted to only when required for the purposes of justice."  *Woods v. Northport Pub. Sch.*, No. 09-243, 2010

---

[1]  The claim against the FPD was dismissed under 28 U.S.C. § 1915 on September 9, 2009.  Plaintiff has again named FPD as a defendant, including some additional facts and revised claims.  Thus, the court is required to reassess whether the FPD claims pass the § 1915 hurdle, which it will do in a separate order.  Moreover, the court does not endorse the presence of a "police department" defendant, as such.  *See Boykin v. Van Buren Tp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (noting that a city police department is merely an agency of the city, and not a proper defendant in a § 1983 lawsuit).

WL 2232263, at *1 (W.D. Mich. June 3, 2010) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). "The motion to strike should be granted only when the pleading to be stricken has *no possible relation* to the controversy." *Rock Holdings, Inc., et al. v. Certain Underwriters at Lloyd's London*, No. 09-11599, 2009 WL 2475400, at *3 (E.D. Mich. Aug. 11, 2009) (quoting *Brown & Williamson*, 201 F.2d at 822)) (emphasis added). A district court should not strike a matter "unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation *and prejudicial* to the objecting party." *Aqua Bay Concepts, Inc. v. Gross Pointe Bd. Of Realtors*, No. 91-74819, 1992 WL 350275, at *2 (E.D. Mich. May 7, 1992) (emphasis added) (quoting *Fed. Nat'l Mortgage Ass'n v. Cob et al.*, 738 F. Supp. 1220, 1224 (N.D. Ind. 1990)).

"*Pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Accordingly, allegations in a *pro se* complaint are interpreted generously. *See McCaskill v. Alcoholism Counsel et al.*, No. 06-743, 2008 WL 4449015, at *2 (S.D. Ohio Sept. 26, 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.  DISCUSSION

Defendant Morey asks the court to strike paragraphs 10 through 17 and 34 through 88 of Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(f). Defendant Morey contends that paragraphs 10 through 17 are "immaterial, impertinent, and irrelevant" because these paragraphs pre-date the incident from which Plaintiff's complaint arises. (Def.'s Mot. Strike 8.) Paragraph 10 describes how Defendant was

3

released from prison on a previous assault conviction and his later enrollment in school. Although the paragraph is of limited relevance, it is simply background information and causes no prejudice. The court will not strike the paragraph. Paragraphs 11 through 13 describe a leg injury suffered by Plaintiff; they therefore bear on Plaintiff's ability to flee from and resist the officer Defendants. Paragraphs 14 through 17 describe the facts leading up to Defendant's encounter with the officer Defendants. Paragraphs 11 through 17 are therefore relevant and will not be stricken.

Defendant Morey also asks the court to strike paragraphs 34 through 88 because they are "redundant, immaterial, impertinent, and scandalous in nature." (Def.'s Mot. Strike 8.)

Paragraph 34 describes the charges brought against Plaintiff as a result of his arrest. The paragraph directly relates to Plaintiff's claim of malicious prosecution.

Paragraphs 35 and 36 describe interactions between Plaintiff and his parole agent regarding the arrest. Plaintiff's statements that are described in the paragraphs could ultimately be admissible as prior consistent or inconsistent statements. The paragraphs should therefore not be stricken.

Paragraphs 37 and 38 contain allegations that the statements given by Defendant Broughton during Plaintiff's preliminary examination contradict the incident report filed by Defendant Broughton. Accordingly, the paragraphs describe party-opponent statements about the arrest and are most certainly relevant.

Paragraphs 39 through 41, and 54 describe the underlying criminal prosecution, and are therefore relevant to Plaintiff's malicious prosecution claim.

Paragraphs 42 through 44 allege facts suggesting that the officer Defendants

4

have a history of use of excessive force.  These allegations are relevant to Plaintiff's *Monell* claim against the FPD.  If true, the fact that FPD was aware of prior unconstitutional actions and failed to respond supports Plaintiff's claim that the FPD has a custom or policy that caused Plaintiff's injuries.  The allegations could also bear on, for example, the officer Defendants' state of mind, intent, or modus operandi.

Paragraphs 45 through 53, 58 through 62, 67 through 71, 74 through 78, and 80 through 82 provide a detailed account of the investigation of Plaintiff's arrest conducted by the Office of the Ombudsman.  The facts bear on the *Monell* claim against the FPD, and they bear on the claims against the officer Defendants because the reports and investigations may reveal admissible evidence.

Paragraphs 55 through 57 and 63 through 66 concern difficulties Plaintiff had while he was an inmate in the Genesee County Jail.  These facts are potentially relevant to Plaintiff's damages.  As are Paragraphs 72, 73, and 80, because they describe the emotional distress that Plaintiff faced as a result of his imprisonment.

Paragraphs 83 through 87 relate to Plaintiff's parole revocation hearing, which directly resulted from Plaintiff's arrest on January 15, 2008.  Accordingly, the allegations bear on Plaintiff's damages.

### IV.  CONCLUSION

Because all of the paragraphs cited by Defendant in his motion are relevant to Plaintiff's cause of action, they should not be stricken.  Accordingly,

IT IS ORDERED that Defendant Morey's "Motion to Strike" [Dkt. #31] is DENIED.

                                                S/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: July 28, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 28, 2010, by electronic and/or ordinary mail.

                                                S/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522