**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SAMUEL JACKSON,

       Plaintiff,

v.                                                Case No. 09-11438

CITY OF FLINT, et al.,

       Defendants.
                                                /

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED TO TRIAL AND
PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM**

Plaintiff has filed a motion to proceed to trial, and a petition for writ of habeas corpus ad testificandum. In his motion, Plaintiff expresses his frustration with the failure to serve Defendants Justin Broughton and Blake Hiben, and asks the court to proceed to trial against Defendant Shaun Morey. In his petition, Plaintiff, who is incarcerated in a state prison, asserts he must be brought before the court so that a fact-finder can judge his credibility, and he also claims that because he represents himself, he must be present in court to effectively represent himself during trial.

Plaintiff's motion and petition are premature. "Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant" who meets certain criteria. Fed. R. Civ. P. 4(k). To guarantee the efficient development of a case, the court generally will not issue a scheduling order, and therefore will not reach a trial, before all named defendants have been served or dismissed. Here, Defendant Broughton has entered the case. A recent February 22, 2011, text-only docket entry reflects Defendant Hiben returned an executed waiver of service, and his answer was

due December 18, 2010, but counsel has not entered an appearance on his behalf. Additionally, the court must adjudicate Defendants' recently-filed motion to dismiss. If Plaintiff's complaint survives that adjudication, the court will enter a scheduling order authorizing a period of discovery, and setting a deadline for any dispositive motion practice. If the case proceeds beyond the dispositive motion stage, only then will the case proceed to trial.

Therefore, the court will deny Plaintiff's motion. The court also must deny Plaintiff's petition, for the same reasons. Because of the difficulties encountered in bringing the named Defendants into the case, this matter is still in an early phase of litigation. If and when the matter proceeds to trial, if Plaintiff remains incarcerated, he may re-file his petition to be brought before the court. Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Proceed to Trial as Stated in Rule 26(f) Initial Discovery Plan" [Dkt. # 52] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Petition for Writ of Habeas Corpus Ad Testificandum" [Dkt. # 54] is DENIED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 3, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 3, 2011, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522