# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SAMUEL JACKSON,

        Plaintiff,

v.

                            Case No. 2:09-cv-11438

CITY OF FLINT, JUSTIN
BROUGHTON, SHAWN MOREY, and
BLAKE HIBEN,

        Defendants.
                            /

**ORDER DENYING PLAINTIFF'S "REQUEST FOR TELEPHONE STATUS CONFERENCE" AND PLAINTIFF'S "REQUEST FOR AN ORDER TO BE HOUSED AT A FACILITY IN THE DEPARTMENT OF CORRECTIONS WHICH HAS AN ADEQUATE LAW LIBRARY SO PLAINTIFF HAS ACCESS TO THE COURT"**

On August 25, 2011, Plaintiff Samuel Jackson filed a "Request for Telephone Status Conference." In substance, Plaintiff urges the court to appoint him counsel pursuant to Magistrate Judge Komives's December 10, 2009 conditional grant of his prior motion for appointed counsel. Plaintiff also brings to the court's attention his pending "Request for an Order to Be Housed at a Facility in the Department of Corrections Which Has an Adequate Law Library So Plaintiff Has Access to the Court," filed on September 20, 2010. The court therefore construes Plaintiff's "Request for Telephone Status Conference" as a second motion for appointment of counsel and a request for a ruling on his previous request for a housing transfer.

The court will deny Plaintiff's renewed motion for appointment of counsel. "Appointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (internal quotation marks omitted). "Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff on a voluntary basis," *Li v. Recellular, Inc.*, No. 09-11363, 2009 WL 4068026, at *2 (E.D. Mich. Nov. 23, 2009) (citing *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992)), but "Congress [has not] provided funds with which to compensate lawyers who might agree to represent [civil] plaintiffs." *McIntosh v. Butler Cnty. Children's Servs. Bd.*, No. 1:09-cv-274-SAS-TSH, 2010 WL 3063128, at *7 (S.D. Ohio Mar. 24, 2010). Recognizing this, Magistrate Judge Komives referred Plaintiff's case to the court's *pro bono* program administrator and conditioned the appointment of counsel on finding an attorney "who will agree to represent [P]laintiff in this case." (Dec. 10, 2009 Order 4.) No lawyer has volunteered to take on Plaintiff's case in the intervening twenty months, and the court cannot require an attorney to do so.

The court will also deny Plaintiff's request that the court order the Michigan Department of Corrections to transfer him to a different prison facility with a better law library. In his request filed with the court on September 20, 2010, Plaintiff argues that prison officials are "deliberately, or un-deliberately, de[n]ying Plaintiff access to an adequate law library," purportedly by restricting the number of hours during which he has access to the law library at the facility where he is currently

incarcerated. (Sep. 20, 2010 Request 1.) "[W]here a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting." *Jennings v. Wickstrom*, No. 2:05-cv-112, 2007 WL 2433983, at *1 (W.D. Mich. Aug. 22, 2007) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 & n.3 (6th Cir. 1984)). "The public welfare . . . militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights." *Id.* at *2 (citing *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988)). Even if the court determines that injunctive relief is justified, principles of comity and federalism dictate that the court "impose the least intrusive remedy available." *Kendrick*, 740 F.2d at 438.

Plaintiff has not come close to demonstrating that his allegedly restricted access to the prison law library violates his constitutional right of access to the courts. As the Supreme Court held in *Lewis v. Casey*, 518 U.S. 343 (1996):

> An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. . . . Insofar as the right . . . "[to] meaningful access to the courts is [concerned]," [*Bounds v. Smith*, 430 U.S. 817, 823 (1977)], . . . the inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."

*Id.* at 351. Aside from the fact that Plaintiff provides the court no discernable explanation of how he has been denied "an adequate source of legal research material," (Sep. 20, 2010 Request 2), he fails to make any concrete allegation

3

that his ability to litigate this case has been hindered as a result.  Furthermore, Plaintiff offers no explanation as to why he must be transferred to a different facility in order to received increased access to a law library, and the court is skeptical that this solution reflects the narrowly tailored remedy it is required to impose.  For these reasons, the court has no justification for ordering the extraordinary relief Plaintiff requests.

Accordingly, IT IS ORDERED that Plaintiff's "Request for Telephone Status Conference" [Dkt. #84] and Plaintiff's "Request for an Order to Be Housed at a Facility in the Department of Corrections Which Has an Adequate Law Library So Plaintiff Has Access to the Court" [Dkt. #53] are DENIED.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  September 6, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 6, 2011, by electronic and/or ordinary mail.

    S/Lisa G. Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522.

S:\Cleland\JUDGE'S DESK\C2 ORDERS\09-11438.JACKSON.ReqTelConf.set.wpd